UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:10-CV-239<br>) |
| v. | )<br>) Chief Judge Curtis L. Collier |
| PENTAIR FILTRATION, INC., et al. | )<br>) |
| Defendants. | ) |

## **MEMORANDUM**

Before the Court is a motion for summary judgment filed by Defendant Sta-Rite Industries, LLC ("Sta-Rite") (Court File No. 25). Plaintiff State Farm Fire and Casualty Company ("Plaintiff") filed a response (Court File No. 27), to which Sta-Rite replied (Court File No. 29). After carefully considering the parties' related filings (Court File Nos. 25, 26, 27, 28, and 29) and for the reasons discussed below, the Court will **GRANT IN PART** and **DENY IN PART** the motion for summary judgment (Court File No. 25).[1]

**I.     RELEVANT FACTS**

Plaintiff's insureds, Merle and Myrna Bruett sustained property damage when a crack developed in their OMNIFILTER water filter ("the Filter") and caused a leak. The Filter was manufactured and designed by Sta-Rite and distributed to Lowe's Home Centers, Inc. ("Lowe's"). Merle Bruett ("Bruett") purchased the Filter from Lowe's in June 2003 and installed the unit himself

---

[1] The Court will also **DENY AS MOOT** Defendant Lowe's Home Centers, Inc.'s motion for summary judgment (Court File No. 23) as this particular defendant has been dismissed from the case pursuant to a stipulation of dismissal (Court File No. 30).

during the same month (Court File No. 25-1 ("Incident Report"), Court File No. 28-1 ("Bruett Aff.") at ¶ 4). Bruett relied on the instructions provided with the Filter to complete the installation (Court File No. 27-2 ("Installation instructions")). The installation process involved attaching a mounting bracket to the wall using two screws, turning off the cold water inlet valve, disconnecting the cold water pipe between the inlet valve and the sink, and assembling two pieces of plastic tubing- one from the cold water inlet valve to the Filter and one from the Filter to the underside of the faucet (*id.*). In or around June 2007, Bruett changed the filter cartridge of the Filter (Bruett Aff. at ¶ 12).

On October 2, 2007, Bruett returned home to discover the Filter had separated at the seam and had caused water to escape and flood the house (*id.* at ¶ 15). Plaintiff, as subrogee of Merle and Myrna Bruett filed a complaint on September 24, 2010, which was subsequently amended on December 30, 2010 (Court File No. 14). Plaintiff asserts the following claims against Sta-Rite: breach of implied warranty, negligence, failure to warn, and strict products liability (*id.* at ¶¶ 12, 21, and 26). Sta-Rite contends Plaintiff's claims are barred by the statute of repose applicable to improvements to real property and that all breach of warranty claims are barred by the applicable statute of limitations.

## II.     STANDARD OF REVIEW

Summary judgment is proper if the movant shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences,

in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Should the non-movant fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III.    ANALYSIS**

In diversity actions, the *Erie* doctrine requires federal courts to apply the relevant state statutes of limitations and repose. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1978); *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945). Therefore, Tennessee law will govern the issue of relevant statutes of repose and limitations. Sta-Rite contends Plaintiff's claims are barred by the statute of repose governing improvements to real property, *see* Tenn. Code Ann. §§ 29-28-103, 28-3-202, and the breach of warranty claims are barred by the four-year statute of limitations in Tenn.

Code Ann. § 47-2-725. The Court will address the applicability of each statute to the instant action in turn.

### A. Statute of Repose for Improvements to Real Property

Sta-Rite argues the four-year statute of repose applicable to improvements to real property bars Plaintiff's claim for damages based on the Filter's alleged defective design in its entirety. It is undisputed Bruett installed the filter himself in June 2003, more than four years before Plaintiff filed suit in 2010. Sta-Rite claims the Filter is an "improvement to real property" and the statute of repose extends to manufacturers of goods that will be used in the improvement of real property, such as Sta-Rite. Plaintiff challenges these arguments and argues the Filter does not fall within the definition of an improvement to real property and the statute does not operate to bar claims against manufacturers who are not involved in the construction or installation of their products.

Plaintiff's claims arise out of property damage resulting from the design or manufacturing of a product (the Filter), and therefore are properly considered as a product liability action as defined in the products liability statute, Tenn. Code Ann. § 29-28-102(6). The statutes of limitation and repose for products liability actions are found in Tenn. Code Ann. § 29-28-103, which states:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption . . .

Tenn. Code Ann. § 29-28-103. Section 28-3-202, incorporated into the above provision provides a statute of repose for improvements to real property:

> All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

Tenn. Code Ann. § 28-3-202.

Tennessee does not provide a statutory definition of "improvement to real property," however, the Tennessee Court of Appeals identified multiple approaches to defining this term in *Cartwright v. Presley*, No. E2005-02418, 2007 WL 161042 at * 3-5 (Tenn. Ct. App. Jan. 23, 2007). These approaches include: (1) a common-law fixture analysis, (2) the common sense approach, and (3) as defined in various editions of Black's Law Dictionary. Unlike the walk-in cooler unit containing nearly 3,000 pounds of unassembled parts at issue in *Cartwright*, the Filter attached by two screws under a kitchen faucet would not be considered an improvement to real property under any of these approaches.

In Tennessee, courts consider the following factors to determine whether an item is a fixture: "(1) annexation to the realty, (2) whether the article was intended to be permanently attached to the freehold, and (3) whether the article can be removed without substantial injury to the freehold." *In re Mayfield*, 31 B.R. 900, 903 (Bankr. E.D. Tenn. 1983). Here, the Filter was mounted underneath the kitchen sink using only two screws and a mounting plate. Tubing connected the Filter to the cold water line and the Filter to the base of the faucet. Although Sta-Rite is technically correct, the removal of the Filter would leave a "gap in the plumbing and render the sink unusable," this gap could be easily and quickly remedied by reconnecting the cold water tubing without the intervening Filter. As Bruett describes, "[t]here was no void left either in my sink or my plumbing after the

filter was removed" and "[t]he appliance did not cause any permanent structural alteration in my plumbing, all I had to do was remove the entire filter and reconnect the flexible faucet tubing to the inlet and faucet, I could easily disconnect and remove the appliance" (Bruett Aff. at ¶¶ 20-21). Per the installation instructions, the Filter contained a cartridge that was to be changed every six months and thus involved periodic partial dismantling of the Filter to insert the new cartridge (*id.* at ¶¶ 12-14). Based on the minimal degree of annexation (2 screws), the ease of removal and replacement, and the need to replace certain parts on a regular basis, the Court concludes the Filter is not properly classified as a fixture.

Under a "common sense approach," the focus is "on whether the addition or betterment to the property increases the property's value, involves the expenditure of labor or money, and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Cartwright*, 2007 WL 161042 at * 3. Other than Bruett's assertion he preferred to make his coffee with filtered water instead of plain tap water, there is no indication of how connecting the Filter to the kitchen sink contributes anything but a negligible increase in the overall value of the property. The labor or money expended was limited to the cost of the Filter itself and a straightforward installation process completed by Bruett in a short period of time. The Filter served the purpose of purifying water from the kitchen sink and Sta-Rite has not otherwise established this appliance was designed to make realty more valuable or useful to a degree distinguishable from ordinary repairs.

The *Cartwright* decision refers to definitions of "improvement" from the fifth and seventh editions of Black's Law Dictionary. The fifth edition defines "improvement" as "[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more

than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." Black's Law Dictionary (5th ed. 1979); *accord Watkins v. Tankersley Constr., Inc.*, No. W2004-00869-COA-R3-CV, 2005 WL 1541869 at * 5 (Tenn. Ct. App. June 29, 2005) (using this definition to determine removal of trees, grading and fill work resulted in "an improvement to real property" within Tenn Code Ann. § 28-3-202). Unlike installing a walk-in cooler or removing trees and grading a portion of land, the amelioration of the condition and enhancement here was, at best, improved water quality in one sink. Bruett did not expend notable labor or capital and the Filter was used as a small appliance simply to produce purified water out of his kitchen sink.

Sta-Rite similarly cannot satisfy the definition of "improvement" in the later edition of Black's Law Dictionary. The most recent definition describes an improvement as "[a]n addition to real property, whether permanent or not; esp., one that increases its value or utility or that enhances its appearance." Black's Law Dictionary (7th ed. 1999).[2] Sta-Rite has not established as a matter of law that Bruett's preference for purified water and his mounting of the easily detachable Filter to the underside of his kitchen sink resulted in an "addition to real property" let alone one that resulted in any increase of value.

A review of Tennessee decisions further supports the Court's conclusion the Filter does not constitute an "improvement to real property." In cases where such an improvement was found, there was a considerable expenditure of labor or capital, a marked increase in value or utility to the property itself, and a degree of permanence to the improvement, none of which is present here. *See, e.g., Harmon v. Angus R. Jessup Assocs. Inc.,* 619 S.W.2d 522 (Tenn. 1981) (holding § 28-3-

---

[2] The definition in the current version is identical to the one found in the seventh edition. *See* Black's Law Dictionary (9th ed. 2009).

202 barred cause of action against defendants involved in the design, construction, and installation of a refrigeration system that leaked); *Harper v. Holiday Inns, Inc.*, 498 F. Supp. 910 (E.D. Tenn. 1978) (applying the predecessor to § 28-3-202 to bar a cause of action for a negligent construction of hotel entryways); *Agus v. Future Chattanooga Dev. Corp.*, 358 F. Supp. 246 (E.D. Tenn. 1973) (finding cause of action barred by predecessor of § 28-3-202 against engineer who installed a sprinkler and smoke detector system in an apartment building); *Cornwell v. J.E. Hodge*, 1986 WL 5890 (Tenn. Ct. App. May 23, 1986) (cause of action barred for negligent installation and inspection of an electrical wiring system).

As the Tennessee Court of Appeals recognized in *Pridemark Custom Plating, Inc. v. Upjohn Co., Inc.*, 702 S.W.2d 566, 570 (Tenn. Ct. App. 1985), this provision was intended to protect architects, engineers, and builders engaged in construction of such improvements. *See also Harmon*, 619 S.W.2d at 524-25 (recognizing the need for a four-year statute of repose to address the risks of those "engaged in the designing and construction of buildings" and the legislature's concern to limit liability of architects, engineers, and contractors, whose work "ordinarily ceases with the completion of the building"). In addition, the term "design" as used in § 28-3-202 should not be interpreted "to mean the general design of a manufactured product which might be used in improvements to real estate." 702 S.W.2d at 570. Rather, "[t]he meaning of the word is limited to the architectural or engineering design of a particular building or the particular parts thereof." *Id.* Here, like the polyurethane foam insulation in *Pridemark*, the Filter is a product marketed for use in a variety of situations and it "was not specifically designed for the building involved in this litigation." *Id.*

Therefore, the Court determines the Filter at issue in the instant litigation is not encompassed within any definition of "improvement to real property" and is clearly distinguishable from the types

of "improvements" triggering the operation of the statute of repose in Tenn Code Ann. § 28-3-202. Plaintiff's claims are not barred as a matter of law by the statute of repose and summary judgment is inappropriate at this stage.

### B. Statute of Limitations for Breach of Warranty Claims

Sta-Rite moves for summary judgment as to Plaintiff's breach of warranty claims and argues all such claims are time-barred. Actions for property damage resulting from breach of warranty are governed by the four-year statute of limitations set forth in Tenn. Code Ann. § 47-2-725. *See, e.g., Commercial Truck & Trailer Sales, Inc. v. McCampbell*, 580 S.W.2d 765, 773 (Tenn. 1979) ("It is well settled in this jurisdiction that in actions for personal injury or property damage arising from breach of warranty, the four-year statute provided in [Tenn. Code Ann.]§ 47-2-725 controls."). A cause of action accrues when the breach occurs, regardless of Plaintiff's lack of knowledge of the breach. Tenn. Code Ann. § 47-2-725(2). A breach occurs "when tender of delivery is made" unless the warranty "explicitly extends to future performance." *Id.*

Plaintiff purchased the Filter from Lowe's in June 2003, thus tender of delivery was made on or before July 1, 2003. Plaintiff's claims of breach of warranty against Sta-Rite are based on a theories of implied warranties of merchantability and fitness for a particular purpose and Plaintiff does not allege any explicit warranty governing future performance. The instant action was not filed until September 24, 2010. Plaintiff's breach of implied warranty claims accrued at the time of purchase and are time-barred.

Accordingly, the Court will grant Sta-Rite's motion for summary judgment and will dismiss Plaintiff's breach of warranty claims as barred by the controlling statute of limitations set forth in Tenn. Code Ann. § 47-2-725.

## IV. CONCLUSION

For the above reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendant Sta-Rite's motion for summary judgment (Court File No. 16). The Court will **GRANT** Sta-Rite's motion as to Plaintiff's breach of warranty claims and will **DENY** the motion as to the remainder of Plaintiff's claims against Sta-Rite.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**