UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 2:10-CV-239 |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| PENTAIR FILTRATION, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court is a motion for summary judgment filed by Defendant Pentair Filtration, Inc. ("Defendant") (Court File No. 33). Plaintiff State Farm Fire and Casualty Company ("Plaintiff") did not respond.[1] Defendant moves for summary judgment on Plaintiff's product liability claims, arguing it did not design, manufacture or sell the water filter at issue and had no duty to warn of any alleged defect. Defendant also contends it is entitled to judgment as a matter of law on Plaintiff's breach of warranty claims as they are time barred. After reviewing the materials submitted (Court File Nos. 33, 34), the Court finds Defendant is entitled to judgment as a matter of law and will **GRANT** Defendant's motion (Court File No. 33) and **DISMISS** Plaintiff's claims against Defendant Pentair Filtration, Inc.

I. **RELEVANT FACTS**

This action stems from property damage sustained by Plaintiff's insureds, Merle and Myrna

---

[1] Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought. E.D.TN. LR7.2.

Bruett ("the Bruetts") when a crack in their water filter caused a leak. Sta-Rite Industries, LLC ("Sta-Rite"), also known as Pentair Flow Technologies, designs and manufactures OMNIFilter brand filters (Court File No. 19 at ¶ 6). The water filter purchased by Mr. Bruett was an OMNIFilter, Model SFM2 under-sink water filter with a manufacture code of 05132002 manufactured and designed by Sta-Rite (Court File No. 14 at ¶ 10; Court File No. 19 at ¶ 6). This water filter was then distributed to Lowe's Home Centers, Inc. ("Lowe's"), and Merle Bruett purchased the filter from Lowe's in June 2003.

Sta-Rite, a subsidiary of WICOR, Inc., was acquired by Pentair, Inc. on July 31, 2004 (Court File No. 33-1 at 22). Pentair, Inc. is the corporate parent of Defendant. At present, WICOR, Inc. is a wholly-owned subsidiary of Pentair, Inc. and WICOR, Inc. and Pentair, Inc. jointly own Sta-Rite through subsidiaries (Court File No. 16). Defendant is also a wholly-owned subsidiary of Pentair, Inc., through the subsidiary Pentair Water Group, Inc. (Court File No. 8). Defendant sells water filters and filter components, but is a distinct entity, which sells products under the Pentek brand name and not OMNIFilter brand water filters (Court File Nos. 34, p. 2; 33-2).

On October 2, 2007, Merle Bruett discovered his water filter had separated at the seam, which caused water to escape and flood the house. Plaintiff initiated this action on September 24, 2010, as subrogee of the Bruetts, and subsequently amended the complaint on December 30, 2010. Plaintiff asserts claims against Defendant under theories of strict products liability and breach of implied warranties of merchantability and fitness for a particular purpose. Plaintiff also asserts claims against Lowe's, Sta-Rite, and two "John Doe" defendants. The Court previously dismissed Plaintiff's breach of warranty claims against Sta-Rite as barred by the governing statute of limitations (Court File No. 32). Defendant Lowe's was dismissed pursuant to a stipulation by the

2

parties (Court File No. 30).

Defendant Pentair Filtration, Inc. now moves for summary judgment on all claims.

## II. STANDARD OF REVIEW

Summary judgment is proper if the movant shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, viewing evidence favorable to the non-movant "does not require or permit the court to accept mere allegations that are not supported by factual evidence." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009).

The moving party has the initial burden to show "there is no dispute regarding any genuine issue of material fact, and this burden can be satisfied" by showing "there is no evidence underlying the nonmoving party's case." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008). In responding to a properly supported motion for summary judgment, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Id.*; *see also Celotex*, 477 U.S. at 324 ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). The moving party is entitled to summary judgment if the non-movant

fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323.

In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III.   ANALYSIS

In diversity actions, the *Erie* doctrine requires federal courts to apply the relevant state statutes of limitations and repose. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1978); *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945). Therefore, Tennessee law will govern the issues regarding product liability claims and statute of limitations for breach of warranty actions. Defendant contends summary judgment is appropriate as it is not the manufacturer or seller of the water filter at issue. Defendant further argues the breach of warranty claims are barred by the four-year statute of limitations in Tenn. Code Ann. § 47-2-725 for the reasons set forth in the Court's previous memorandum and order (Court File Nos. 31, 32). The Court will address each argument in turn.

### A.   Products Liability Claims

Plaintiff's claims arise out of property damage resulting from the design or manufacturing of a product or the failure to warn of the product's dangers are encompassed within the definition of "Product liability action" in Section 29-28-102(6) of the Tennessee Code. These claims are properly considered under the Tennessee Product Liability Act of 1978, Tenn. Code Ann. §§ 29-28-

101 *et seq.*, which governs claims against a "manufacturer or seller of a product." Tenn Code § 29-28-105(a). A "manufacturer" is defined as "the designer, fabricator, producer, compounder, processor or assembler of any product or its component parts." Tenn. Code Ann. § 29-28-102(4). A "seller" may include "a retailer, wholesaler, or distributor" or an "individual or entity engaged in the business of selling a product," or "a lessor or bailor engaged in the business of leasing or bailment of a product." Tenn. Code Ann. § 29-28-102(7). Other than Plaintiff's unsupported allegations in the complaint, there is an absence from the record of any evidence demonstrating Defendant qualifies as a manufacturer or a seller of the OMNIFilter product at issue in this litigation.

    Plaintiff's complaint alleges Defendant are strictly liable because they negligently manufactured and sold a product that was unsafe and failed to warn persons of the danger (Court File No. 14 at ¶¶ 15-16). Plaintiff asserts Defendant qualifies as a distributor that participated in placing the filter in the stream of commerce and failed to provide adequate instruction that this filtration system had a tendency to leak (*id.* at ¶¶ 20-21). Defendant denies these averments (Court File No. 20, p. 3). Plaintiff's allegations, which appear solely in the initial complaint cannot withstand summary judgment as the allegations lack any evidentiary support and are contradicted by evidence in the record. Sta-Rite admits that it designs and manufactures OMNIFilter brand filters. Sta-Rite was an entirely separate entity from Defendant at the time the filter at issue was manufactured and was not acquired by Pentair, Inc. until July 31, 2004. The only connection established between Sta-Rite and Defendant is they are, as of July 2004, both subsidiaries of the same parent company, Pentair, Inc. Defendant also manufactures water filters and related components, but does not manufacture the OMNIFilter product at issue in this litigation. There is similarly a complete absence in the record of any indication Defendant sells or distributes the

allegedly defective filter. Defendant has submitted a 2009 Price list (Court File No. 33-2) detailing numerous filter and filter components, none of which is the challenged OMNIFilter water filter. There is also simply no evidence to support a jury's finding Defendant had a duty to warn of a defect in products it had no part in manufacturing, designing, or selling.

In a response to summary judgment, Plaintiff must do more than rely on allegations in the initial pleadings. Here, these allegations are contradicted by the materials in the record and Defendant has satisfied its burden at the summary judgment stage by pointing to an absence of evidence underlying Plaintiff's products liability claims against them. *Celotex*, 477 at 325; *Slusher*, 540 F.3d 453. The Court concludes Defendant is entitled to judgment as a matter of law on Plaintiff's failure to warn, strict liability, and negligent manufacturing claims.

### B.     Statute of Limitations for Breach of Warranty Claims

Plaintiff's remaining claims for breach of warranty are time-barred. The Court previously granted summary judgment in favor of Sta-Rite on Plaintiff's breach of warranty claims (Court File No. 32). The Court determined Plaintiff's cause of action for breach of implied warrranties accrued at the time of purchase, June 2003 (Court File No. 31, p. 9). Plaintiff's complaint was filed outside the four-year statute of limitations set forth in Tenn. Code Ann. § 47-2-725, and therefore any breach of implied warranty claims are time-barred. Accordingly, for the reasons set forth in its previous memorandum (Court File No. 31), the Court will grant Defendant's motion for summary judgment and will dismiss Plaintiff's breach of warranty claims as barred by the controlling statute of limitations set forth in Tenn. Code Ann. § 47-2-725.

### IV.    CONCLUSION

For the above reasons, the Court will **GRANT** Defendant's motion for summary judgment and will **DISMISS** all claims against Defendant Pentair Filtration, Inc.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**